| STATE OF LOUISIANA | * | NO. 2024-K-0464 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| NICHOLAS WILLIAMS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-245, SECTION "D"
Judge Kimya M. Holmes,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)


Jason Williams
DISTRICT ATTORNEY
Brad Scott
Assistant District Attorney
**Orleans Parish District Attorney's Office**
619 S. White St.
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/RESPONDENT

Jerome Matthews
**Matthews Law Office, LLC**
724 11th Street
Gretna, LA 70053

      COUNSEL FOR DEFENDANT/RELATOR


**WRIT GRANTED;
RELIEF DENIED;
REMANDED.
AUGUST 21, 2024**

The defendant, Nicholas Williams, filed the present application for supervisory writs seeking review of the trial court's ruling of June 28, 2024, denying his motion for new trial. We grant the writ application for the limited purpose of remanding this matter to the trial court for the foregoing reasons.

The defendant was charged by bill of information with one count of aggravated battery on September 1, 2023. The defendant entered a plea of not guilty at his arraignment on October 18, 2023. After a jury trial on June 3, 2024, the defendant was convicted of aggravated battery. The defendant filed a motion for new trial on June 17, 2024. The trial court denied the motion for new trial on June 28, 2024. At the hearing on June 28, 2024, the defendant objected to the trial court's ruling and orally noticed his intent to seek a supervisory writ. The trial court noted the objection and set a return of July 29, 2024, to file an application for supervisory writs. The defendant filed his application for supervisory writs with this Court on July 29, 2024.

The defendant asserts several bases for his motion for new trial, including the use of a six-person jury, the imposition of firearm sentencing enhancement and

ineffective assistance of counsel at trial. La. C.Cr.P. article 851[1] provides the grounds upon which a new trial should be granted.

A defendant has the right to appeal a judgment of the trial court. La. C.Cr.P. article 911. La. C.Cr.P. article 912.1(B)(1) provides that a "defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury." *See also* La. Const. art. V, § 10; *State v. Pernell*, 2013-0180 (La. App. 4 Cir. 10/2/13), 127 So.3d 18. La. Const. art. I, § 19 guarantees a criminal defendant "judicial review based upon a complete record of all evidence upon which the judgment is based." *Pernell,* 2013–0180, p. 10, 127 So.3d at 27. "The scope of what constitutes a 'complete record' under Article I, Section 19 encompasses 'all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections,

---

[1] La. C.Cr.P. article 851 states:

A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.

B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:

(1) The verdict is contrary to the law and the evidence.

(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.

(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.

(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

(6) The defendant is a victim of human trafficking or trafficking of children for sexual purposes and the acts for which the defendant was convicted were committed by the defendant as a direct result of being a victim of the trafficking activity.

questions, statements, and arguments of counsel.'" *State v. Small*, 2013-1334, p. 17 (La. App. 4 Cir. 8/27/14), 147 So.3d 1274, 1285 (quoting La. C.Cr.P. article 843).

The defendant's conviction by a jury constitutes a final appealable judgment. We, therefore, grant the writ application for the limited purpose of remanding the matter to the trial court for the purpose of allowing the defendant the opportunity to perfect his notice appeal based upon his June 3, 2024 conviction and his eventual sentence in this matter.[2]  *See* La. C.Cr.P. article 914.

Accordingly, the defendant's application for supervisory writs is granted, the relief requested is denied, and this matter is remanded for proceedings consistent with this opinion.

**WRIT GRANTED; RELIED DENIED.**
**REMANDED.**

---

[2] At the time of the filing of defendant's application, he had not been sentenced.  Sentencing is currently scheduled on September 20, 2024.